**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAR 2 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| KEITH THOMAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>U.S. ATTORNEY GENERAL ERIC )<br>HOLDER, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 12 0459 |

### MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Petitioner is a prisoner currently incarcerated at the Salinas Valley State Prison in Monterey, California. Pet. at 2. He alleges that he suffers from osteoarthritis and experiences seeks constant pain. Notwithstanding enactment of the California Compassionate Use Act of 1996, he states that prison officials refuse to allow him to obtain marijuana for medical use. *Id.* Petitioner explains that the federal government classifies marijuana as a Schedule I controlled substance. *Id.* at 3. If marijuana were reclassified, he claims that he could obtain marijuana from a marijuana dispensary without placing the dispensary at risk of seizure or confiscation of its products by federal authorities. *Id.* at 4.

Petitioner alleges that respondent has the authority to remove marijuana from Schedule I and has abused his discretion by failing to reclassify marijuana. *Id.* at 5. Further, petitioner argues that respondent refuses to comply with California law which authorizes the medical use of



3

marijuana. *Id.* at 6. In these ways, respondent allegedly interferes with petitioner's medical treatment, *id.*, and displays a deliberate indifference to petitioner's serious medical needs, *id.* at 6. Petitioner seeks a writ of mandamus directing the Attorney General of the United States to remove marijuana from Schedule I. *Id.*

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Petitioner does not establish any of these elements.

Petitioner himself states that respondent has the discretion to reclassify a controlled substance, and where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Moreover, petitioner neither establish that respondent has a clear duty to act nor that he has no adequate remedy at law. Accordingly, the Court will deny the mandamus petition.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
United States District Judge

DATE: 3/14/12